# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SRP SUB, LLC,**

       **Plaintiff,**

v.                                                 **Case No: 6:17-cv-1302-Orl-18DCI**

**KILFINESS WALKER,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte*. On July 17, 2017, Defendant, proceeding *pro se*, filed a notice of removal, alleging that Plaintiff "actually filed a Federal Question Action in Orange County Court." Doc. 1. Defendant alleged that "[t]he Federal Cause of Action in ejectment/eviction is the basis for this action."[1] *Id*. at 3. But Defendant failed to attach a copy of the complaint as required by statute. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court . . . a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.").

On July 20, 2017, the Court entered an Order to Show Cause why this case should not be remanded for lack of jurisdiction. Doc. 4. Therein, the Court explained to Defendant that it was unable to determine whether it has subject matter jurisdiction based upon the information before it, and that Defendant has therefore failed to carry his burden establishing subject matter

---

[1] Defendant also alleged in his notice of removal that Plaintiff intentionally failed to allege compliance with the Civil Rights Act of 1968. Doc. 1 at 2. But it is not clear to the Court how this alleged failure would create federal question jurisdiction. Nor did Defendant explain how this alleged failure would create federal question jurisdiction.

jurisdiction.[2] *See Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2014) ("A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction.") (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citation omitted). Thus, the Court warned Defendant that failure to respond to its Order to Show Cause on or before August 4, 2017 would result in a report recommending the Court remand this case to state court. Defendant failed to respond.

Accordingly, it is **RECOMMENDED** that:

1. The case be **REMANDED** to state court;
2. All pending motions be **DENIED** as moot; and
3. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[2] The only information before the Court was Defendant's notice of removal, wherein Defendant generally alleged that an ejectment/eviction action is a federal cause of action. Doc. 1 at 3. This general allegation, without more, is insufficient to determine whether the Court has subject matter jurisdiction.

Recommended in Orlando, Florida on August 7, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy